Jeremy J. Alberts, State Bar No. 273290
Batkhand Zoljargal, State Bar No. 262918
LAW OFFICE OF JEREMY J. ALBERTS
125 W. Amerige Avenue
Fullerton, CA 92832
Telephone: (714) 441-1144; FAX: (714) 441-1546
jeremy@mytrustedattorney.com

Attorneys for Plaintiff

## CENTRAL DISTRICT OF CALIFORNIA
## UNITED STATES DISTRICT COURT

| | |
|---|---|
| LONNIE WALL,<br><br>     Plaintiff,<br><br>           v.<br><br>HSBC BANK USA, a National Association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; and DOES 1-10, inclusive,<br><br>     Defendants. | CASE: CV12-6311-JAK (SPx)<br><br>*Assigned to Hon. John J. Kronstadt*<br><br>**OBJECTION TO DEFENDANTS' PROPOSED JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff Lonnie Wall (hereinafter "Plaintiff") by and through his attorneys of record hereby opposes to Proposed Judgment in Favor of Defendants HSBC Bank, USA, N.A., and Mortgage Electronic Registration Systems, Inc (hereinafter "Defendants"). Plaintiff objects to Defendants' request for award of Defendants' costs of suit. This Opposition is based on the Memorandum of Points and Authorities in support thereof, all the papers on file with the Court, and any arguments made by Plaintiff's counsel at the hearing if such to be scheduled for this matter.


DATED: June 21, 2013                    LAW OFFICE OF JEREMY J. ALBERTS



                                        By:   */Batkhand Zoljargal/*
                                              Jeremy J. Alberts
                                              Batkhand Zoljargal,
                                              Attorneys for Plaintiff,
                                              Lonnie Wall

2

**OBJECTION TO DEFENDANTS' PROPOSED JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    INTRODUCTION

In this instant action, Plaintiff filed a second amended complaint on April 16, 2013 and Defendant filed a motion to dismiss the second amended complaint (hereinafter "Motion to Dismiss") on April 26, 2013. The court issued an order granting Defendants' Motion to Dismiss with prejudice. Defendants filed Proposed judgment in favour of Defendants HSBC Bank, USA, N.A., and Mortgage Electronic Registration Systems, Inc. (hereinafter "Proposed Order") on June 17, 2013. In the Proposed Order, Defendants requested that Defendants be awarded their costs of suit, pursuant to a memorandum of costs. Herewith, Plaintiff objects to the award of Defendants' costs for the reasons stated below.

### 2.    NO ATTORNEY FEES SHOULD BE AWARDED TO DEFENDANTS IN CONNECTION TO PLAINTIFF'S CAUSE OF ACTION FOR VIOLATION OF THE HELPING FAMILIES SAVE THEIR HOMES ACT OF 2009 [15 U.S.C. § 1641(g)]

The United States Court of Appeals for the Ninth Circuit has long stated that the TILA Statute "serves the dual purpose of providing a remedy for harm to the monetary interest of individuals while serving to deter socially undesirable lending practices by penalizing those who violated its provisions." *Riggs v. Government Employees Financial Corp.,* 623 F.2d 68, 72 (9th Cir. 1980). Other appellate courts agreed that the Truth in Lending Act and Regulation Z are to be construed liberally in favor of the consumer and strictly enforced because their purpose is to protect consumers. Sellers v. Wollman, 510 F.2d 119 (5th Cir. 1975); Allen v. Beneficial Finance Co., 531 F.2d 797 (7th Cir. 1976).

Here, Plaintiff alleged in his Second Amended Complaint that Defendants violated the federal statute. Defendants made at least two assignments of the Deed of

3

Trust, subject of this lawsuit, and in both cases failed to send copies of the assignments to Plaintiff. Defendants have created sophisticated financial mechanisms, transferring loan mortgages to securitized trusts, yet failed to give Plaintiff a simple notice of assignment. Plaintiff did not even know who his actual lender was.

In Plaintiff's case, the initial lender was Empire Financial, then the loan was transferred to Indymac Federal Bank, FSB which in turn transferred it to Defendant HSBC Bank as Trustee for a securitized trust. Meanwhile, Indymac, but this time as Indymac Mortgage Services, a division of OneWest Bank, FSB continued to service Plaintiff's loan. All Plaintiff asked was to be given some notice of such assignments. Defendants engaged here in "socially undesirable lending practices." It cannot be argued that creating sophisticated trusts to maximize profits yet failing to give a simple notice to a borrower is a socially desirable lending practice. And now, Defendants want to burden Plaintiff here with attorney fees and costs of this suit simply because he tried to assert that his rights had been violated. Therefore, no attorney fees should be awarded to Defendants in connection to Plaintiff's cause of action for violation of the helping families save their homes act of 2009 [15 u.s.c. § 1641(g)].

3.   **NO ATTORNEY FEES SHOULD BE AWARDED TO DEFENDANTS IN CONNECTION TO PLAINTIFF'S CAUSE OF ACTION FOR ALL CAUSES OF ACTION**

In the opinion issued just a month ago, on May 21, 2013, the United States Court of Appeals for the Ninth Circuit dealt with the award of attorney fees to Defendants in a mortgage loan case. That case is strikingly similar to the one here. In that case, the Court of Appeals stated that the district court properly had concluded that, under federal law, which governs the attorney's fee determination as provided in the Note and Deed of Trust, it had discretion to deny the contractually-authorized

4

attorney's fees if an award of fees would be "inequitable and unreasonable." *Theros v. First Am. Title Ins. Co.,* 11-35612, 2013 WL 2176977 (9th Cir. May 21, 2013)(citing *Anderson v. Melwani,* 179 F.3d 763, 766 (9th Cir.1999); *DeBlasio Constr., Inc. v. Mountain States Constr. Co.,* 588 F.2d 259, 263 (9th Cir.1978); *see also GECCMC 2005–C1 Plummer St. Office L.P. v. JPMorgan Chase Bank, N.A.,* 671 F.3d 1027, 1033 (9th Cir.2012)(applying federal common law where contract provided that federal law governs the agreement)). Moreover, the Ninth Circuits went on to say that the district court did not abuse its discretion in declining to award the contractually-authorized attorney's fees to Wells Fargo because such an award of fees would be inequitable and unreasonable. *Id.* (citing *Anderson,* 179 F.3d at 766–67 (district court must determine whether attorney's fee award would be appropriate, and it abuses its discretion if it awards contractually-authorized fees that are inequitable and unreasonable)).

17.     Here, the Deed of Trust for the loan, subject of the current lawsuit, states clearly in the paragraph 16 that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." Plaintiff here had to endure a circus with Defendants. First, Defendants failed to provide Plaintiff with simple notices of their multiple and sophisticated assignments, leaving Plaintiff in a total darkness and blindness about his actual lender/mortgagee.

Second,  Plaintiff had to participate in classic cases of violative banking practices some of which are now prohibited by California legislature (Homeowner's Bill of Rights) – dual tracking,  failing to appoint a single contact, failing to answer Plaintiff's communications and freely giving out broken promises of loan modification. In or around May 2011, Plaintiff submitted an application for the Home Affordable Modification Program (hereinafter "HAMP") to Indymac. The Indymac customer response team stated that "[t]he investor holding your note does not allow

**OBJECTION TO DEFENDANTS' PROPOSED JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

modifications under HAMP." Then on or around February 10, 2012 , Plaintiff talked to Reginald Phillips, an Indymac representative, who told him that modification is suddenly possible now and that Plaintiff needed to submit his HAMP application by February 21, 2012. However, at the same time, HSBC Bank's foreclosing agent, NDEX, posted a Notice of Trustee's Sale on Plaintiff's door on or around February 17, 2012. Then on or around February 24, 2012, another representative of Indymac asked Plaintiff to resend the already submitted documents. Finally on or around April 23, 2012, Indymac confirmed that they have received Plaintiff's Loan Modification Application. Indymac requested the new hardship letter. Plaintiff submitted the requested documents and information. Yet only on or around July 02, 2012 – Indymac representatives answered one of many Plaintiff's calls. Indymac informed Plaintiff that there was no sufficient time for the loan modification to be completed, thus, they would just go ahead and sell the Property. Plaintiff also received a denial letter from Indymac, dated June 29, 2012, stating that they were unable to fulfill Plaintiff's application for a modification "due to an imminent foreclosure sale of the property." Yet, there was no "imminent foreclosure sale of the property."

For the last full nine months, Plaintiff's attorneys had a chance to experience the same circus with Defendants' loan modification practices – Defendants' attorneys requested a document after a document all this time. And every single time, Plaintiff submitted the requested documents. And now Defendants want to saddle Plaintiff with attorney fees. An award of fees to Defendants here would be "inequitable and unreasonable."

///
///
///
///

6

**OBJECTION TO DEFENDANTS' PROPOSED JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**4.**     **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff respectfully requests that the Court DENY Defendants' request for costs of the suit.

DATED: June 21, 2013                    LAW OFFICE OF JEREMY J. ALBERTS

By:     *<u>/Batkhand Zoljargal/</u>*
        Jeremy J. Alberts
        Batkhand Zoljargal,
        Attorneys for
        Lonnie Wall

7